**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| 1. MANUEL FLORES-GARCIA, )<br>an individual, )<br>        Plaintiff, )<br>vs. )<br>)<br>1. SITEONE LANDSCAPE SUPPLY, INC., )<br>a foreign limited liability company, )<br>)<br>        Defendant. )<br>) | Case No.  18-CV-301-JED-FHM<br><br>JURY TRIAL DEMANDED<br>ATTORNEY LIEN CLAIMED<br>FOR THE FIRM |

**COMPLAINT**

**COMES NOW,** the Plaintiff, Manuel Flores-Garcia ("Plaintiff"), through his attorney of record, Charles C. Vaught of *Armstrong & Vaught, P.L.C.* and hereby brings discrimination and retaliation claims pursuant to the Age Discrimination in Employment Act of 1967, as amended, against SiteOne Landscape Supply, Inc. ("Defendant") for violations of this statute committed by Defendant.

**JURISDICTION AND VENUE**

1. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 and 1367(a). In particular, jurisdiction is premised on violations of the ADEA.

2. Declaratory and equitable relief are sought pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 2202, and compensatory and punitive damages are sought pursuant to 42 U.S.C. § 2000e, *et seq.*

3. Costs and attorneys' fees may be awarded pursuant to Rule 54 of the Federal Rules of Civil Procedure and the above statutes.

4. This Court has jurisdiction over the parties and the subject matter of this action, and this action properly lies in the Northern District of Oklahoma, pursuant to 28 U.S.C. § 1331 and 28 U.S.C.

1

§ 1391(b), because the unlawful employment practices alleged herein arose in this judicial district.

5. Plaintiff is, and was at all times relevant hereto, a resident of the State of Oklahoma, residing in Bixby, Tulsa County, Oklahoma.

6. The acts and/or omissions giving rise to this lawsuit occurred in Tulsa County, State of Oklahoma.

7. In conformance with Title VII statutory prerequisites, Plaintiff submitted pre-charge information to the United States Equal Employment Opportunity Commission ("EEOC") less than 300 days after the events described herein occurred. Subsequently, Plaintiff submitted a Charge of Discrimination, prepared by the EEOC, to the EEOC. The EEOC completed its investigation and issued a Notice of Right to Sue on March 9, 2017 (attached as Exhibit A hereto and hereby incorporated by reference as though fully set forth herein), which was received by Plaintiff via regular mail on March 9, 2017. Plaintiff has timely filed his *Complaint* within 90 days of his receipt of the Notice of Right to Sue from the EEOC.

8. Defendant is an employer as defined by the ADEA in that it employed in excess of 20 employees who worked for the company for at least twenty calendar weeks for the relevant periods at issue.

9. Plaintiff was, at all times relevant hereto, an employee as defined by the ADEA, in that he was employed by an employer.

## OPERATIVE FACTS

10. Plaintiff began working for Jenco in March of 1981. Jenco was sold eighteen years later and became John Deere. Plaintiff worked for John Deere for 15 years before it was sold to SiteOne. Plaintiff began working for SiteOne in 2015.

2

11. Throughout Plaintiff's employment with SiteOne, he was subjected to discriminatory comments regarding his age. Relevant, non-exclusive examples of this conduct includes the following:

    a. His co-workers would call him "grandpa" or "old man;"
    b. His co-workers would tell him to retire and would ask him "what are you waiting for?"
    c. His co-workers would tell him "you should leave already."
    d. His co-workers would tell him "you're old."

12. On January 27, 2017, Plaintiff was informed that he was unable to work because the computers had not been activated. He was told to not come back until February 6, 2017.

13. On February 6th, Plaintiff was told by Kent LNU, a supervisor, that he was not allowed back at work yet, and that he would receive a call to let him know when he could return to work.

14. On February 13, 2017, when Plaintiff was finally allowed to return to work, he was unable to log into the computer system to clock in. Plaintiff later realized that his information had been erased.

15. On February 13, 2017, during a meeting with Kyle, another supervisor, Plaintiff was informed that he had been terminated. Kyle initially refused to answer when Plaintiff asked to know the reason for his termination. However, when Plaintiff asked Kyle if he was being fired because he was old, Kyle nodded in affirmation.

16. Plaintiff was discriminated against on the basis of his age, to wit: 74 years old, in violation of the Age Discrimination in Employment Act.

## **FIRST CLAIM**
### (DISCRIMINATION IN VIOLATION OF THE ADEA)

17. Plaintiff incorporates and re-alleges the foregoing paragraphs as though fully set forth herein and would further state, as follows:

18. Plaintiff was a member of a protected class, to wit: an individual over 40-years of age.

19. Plaintiff was subjected to slurs, insults, jokes, ridicule and intimidation of an ageist nature from his co-workers during his employment with Defendant.

20. The ageist conduct was unwelcome.

21. The conduct was sufficiently severe or pervasive to alter the conditions of Plaintiff's employment and created a work environment that was permeated with abusive or hostile behavior designed to ridicule and harass Plaintiff on account of his age.

22. Plaintiff perceived the working environment to be abusive and hostile.

23. A reasonable person in Plaintiff's circumstances would consider the working environment to be abusive or hostile.

WHEREFORE, premises considered, Plaintiff prays that the Defendant appear and answer this Complaint, and that this Court: declare the conduct engaged in by the Defendant to be in violation of Plaintiff's rights; enjoin the Defendant from engaging in such conduct; enter a judgment for Plaintiff in an amount equal to the actual damages, compensatory damages, punitive damages and statutory penalties incurred for Defendant's violation, all in excess of $100,000.00, plus interest, costs and attorney fees; and grant Plaintiff such other and further relief as this Court may deem just, proper and equitable.

Respectfully submitted,

**ARMSTRONG & VAUGHT, P.L.C.**

By: *s/ Charles C. Vaught*
**Charles C. Vaught, OBA #19962**
2727 East 21st Street, Suite 505
Tulsa, OK 74114
(918) 582-2500 – *telephone*
(918) 583-1755 – *facsimile*
***Attorney for Plaintiff***

EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**DISMISSAL AND NOTICE OF RIGHTS**

To: Manuel Flores-Garcia
7814 E. 134th St. South
Bixby, OK 74008

From: Oklahoma City Area Office
215 Dean A. McGee Avenue
Suite 524
Oklahoma City, OK 73102

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 564-2017-01287 | K. Kelly, Investigator | (405) 231-4353 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

- **NOTICE OF SUIT RIGHTS** -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*K. Kelly for*
**Holly Waldron Cole,**
**Area Office Director**

March 7, 2018
*(Date Mailed)*

Enclosures(s)

cc: Charles C. Vaught
ARMSTRONG & VAUGHT PLC
2727 E. 21st Street Suite 505
Tulsa, OK 74114

Andre B. Caldwell P.C.
101 Park Avenue Building Suite #1300
Oklahoma City, Oklahoma 73102

Joseph Ketter HR Executive
SITEONE LANDSCAPING SUPPLY, LLC
300 Colonial Center Pkwy, #600
Roswell, GA 30076

RECEIVED 03/09/18

**Exhibit 1**